# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| PERCY WALKER, | ) |
| Plaintiff, | ) |
| | ) No. 17-CV-07948 |
| v. | ) |
| | ) |
| PBD, Inc., d/b/a PBD Worldwide Fulfillment Services, | ) Judge Andrea R. Wood |
| | ) |
| Defendant. | ) |

## JOINT INITIAL STATUS REPORT

NOW COMES Plaintiff Percy Walker, by and through his attorneys, Ed Fox & Associates, Ltd., and Defendant PBD, Inc., d/b/a PBD Worldwide Fulfillment Services ("PBD") by and through its attorneys, R. Connor & Associates, P.C., and submit to the Court the following as their Joint Initial Status Report:

**1. Nature of the Case:**

    A. <u>Attorneys of Record:</u>

| Attorneys for Plaintiff: | Attorneys for Defendant: |
|---|---|
| Garrett W. Browne (Lead Attorney) | Robert C. Heist (Lead Attorney) |
| Edward M. Fox | David A. Pestell |
| Ed Fox & Associates, Ltd. | R. Connor & Associates, P.C. |
| 300 West Adams Street, Suite 330 | 134 N. LaSalle Street, Suite 2250 |
| Chicago, IL 60606 | Chicago, IL 60602 |
| (312) 345-8877 | (312) 780-1976 |
| efox@efoxlaw.com | rconnorh@rconnorlaw.com |
| gbrowne@efoxlaw.com | dpestell@rconnorlaw.com |

    B. <u>Status of Service:</u> All named parties have been served or waived service at this time.

    C. <u>Basis for jurisdiction:</u> Federal question pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et sec.*, 28 USC § 1331 and 28 USC § 1343. This Court has original subject matter jurisdiction by virtue of those federal statutes.

D. <u>Nature of Claims Alleged:</u>

Plaintiff alleges that Defendant unlawfully discriminated against Plaintiff for his disability by terminating him because he suffered from Type 1 Diabetes. Defendant denies all of Plaintiff's allegations in this regard and denies that Plaintiff was terminated for any discriminatory reason. Defendant asserts that Plaintiff was terminated for refusing to submit to a drug test, which violated established company policy and would have constituted grounds for immediate termination for any employee. Defendant further asserts that it was not aware that Plaintiff was disabled while he was employed at PBD. Plaintiff seeks relief in the form of compensatory damages, punitive and/or liquidated damages, attorney's fees, costs, litigation expenses, and pre-judgment interest, reinstatement, and any further relief from the Court.

E. <u>Major Legal and Factual Issues:</u>

1. Whether Plaintiff is disabled as defined by the Americans with Disabilities Act of 1990, and the ADA Amendments Act of 2008 ("ADA");

2. Whether Plaintiff can make a *prima facie* showing of disability discrimination under the ADA;

3. Whether Plaintiff can make a *prima facie* showing that Plaintiff was meeting Defendant's legitimate workplace expectations;

4. Whether Plaintiff ever made any written or oral notification to Defendant that he had Type 1 Diabetes;

5. Whether Plaintiff's conduct complied with Defendant's company policy;

6. Whether Plaintiff ever made any written or oral request for accommodation for his disability;

7. Whether Defendant allowed Plaintiff a reasonable accommodation for his disability, if such an accommodation was necessary;

8. Whether Defendant ignored Plaintiff's request for medical assistance; and

        9.        Whether Plaintiff was entitled to receive medical treatment for his diabetic symptoms before submitting to a mandatory drug test.

**2.**      **Mandatory Initial Discovery Pilot Project ("MIDP"):**

        A.        Both parties have read and discussed the Standing Order Regarding MIDP.

        B.        <u>MIDP Deadlines:</u>

Initial discovery responses for both parties is due on or before February 1, 2018. Electronically Stored Information falling within the scope of Paragraph B.3 of the MIDP Standing Order is due for both parties on or before March 13, 2018 (within forty days after serving its initial response).

        C.        <u>Discussions regarding Mandatory Initial Discovery Responses:</u>

The parties do not currently have any objections or proposed limitations to each parties' initial discovery response. Each party reserves the right to raise additional objections with the opposing parties' initial discovery responses once the responses are exchanged.

**3.**      **Case Plan:**

        A.        <u>Pending Motions:</u>  None at this time.

        B.        Defendant does not anticipate responding to the complaint by motion.

        C.        <u>Suggested Discovery Plan:</u>

        i.        It is expected that the parties will serve written discovery consisting of interrogatories, document request and/or requests to admit. It is also anticipated that approximately one to five fact witness depositions may be necessary from Plaintiff's former co-workers. Additionally, depositions of Plaintiff's medical providers may be necessary.

        ii.        MIDP Initial Disclosures to be exchanged by: February 1, 2018;

        iii.        Written discovery to be issued by: March 1, 2018;

        iv.        ESI within the scope of Rule B.3 of the MIDP Standing Order to be exchanged by March 13, 2018;

      v.      Fact discovery, including fact witness depositions, to be completed by August 1, 2018;

      vi.      Expert discovery to be completed by October 1, 2018.

      vii.      The parties are not proposing any changes in the limitations on discovery.

      viii.      The final date by which the parties may supplement their mandatory initial discovery responses is no later than 60 days before the final pretrial conference, or, if the Court does not schedule a final pretrial conference, no later than 90 days before trial.

      ix.      Dispositive motions must be filed by November 1, 2018.

D. A jury has been demanded. The estimated length of trial is 3-5 days.

**4.** **Settlement:**

A. No settlement discussions have occurred.

B. The parties are not requesting a settlement conference at this time.

**5.** **Consent to Magistrate Judge:**

The parties have not consented to proceed before a Magistrate Judge for all matters.

Respectfully submitted,

By: One of the Attorneys for Plaintiff      By: One of the Attorneys for Defendant

/s/ Garrett Browne      /s/ Robert C. Heist
Garrett Browne      Robert C. Heist, Esq.
Ed Fox & Associates, Ltd.      R. CONNOR & ASSOCIATES, P.C.
300 West Adams Street, Suite 330      134 N. LaSalle Street, Suite 2250
Chicago, Illinois 60606      Chicago, Illinois 60602
312-345-8877 Telephone      312-780-1976 Telephone
312-853-3489 Facsimile      312-780-1980 Facsimile
gbrowne@efoxlaw.com      rconnorh@rconnorlaw.com